Hear ye, hear ye, this Honorable Appellate Court for the 2nd District is now open, the Honorable Justice Anne B. Jorgensen presiding, along with Justices Mary S. Shostak and Liam C. Brennan. The case is number 219-1150, Lucila Torrijos, Plaintiff Appellant, versus International Paper Company et al., Defendants Appellees. Arguing for the Appellant, Catherine Hayes. Arguing for the Appellee, International Paper Company, Mohsen Pasha. Arguing for the Appellee, Cano Container Corporation, Christopher M. Cano. All right, counsel, when you're ready, you may proceed. Thank you, Your Honor. Good morning, members of the panel, counsel. My name is Catherine Hayes. I represent the Plaintiff Appellant, Lucila Torrijos. Ms. Torrijos filed her complaint after she was injured in a pretty significant accident, which resulted in the loss of the function of her hand, which was essentially her hand has been degloved, and it's almost like a mitten at this point now. Ms. Torrijos filed a complaint in Kane County and named International Paper Company as a defendant and Cano as a respondent in discovery. The case was removed by International Paper to federal court. Eventually in federal court, the plaintiff filed a motion to extend the time to add additional parties pursuant to Illinois civil procedure. All of the parties appeared before the federal court judge. The federal court judge gave anyone who wanted to speak an opportunity to speak and ultimately entered an order which allowed Ms. Torrijos additional time to name additional defendants via an amended complaint. Ms. Torrijos did that and an amended complaint was filed, which included International Paper Company and also Cano. Cano filed a 12B6 motion to dismiss in federal court. Ultimately, the federal court determined that the diversity jurisdiction had been destroyed and the case went back to state court. Both of the defendants filed dispositive motions. Cano filed a 2619 and International Paper Company filed a motion for summary judgment. The motions were fully briefed. The parties appeared before the courts and the motions were granted. Ms. Torrijos filed a motion to reconsider, two motions to reconsider, excuse me, which were not successful and filed a notice of appeal, which is what brings us here today. I'd like to start with Cano, if I may, or excuse me, Cano. The trial court dismissed Cano as a defendant pursuant to the statute or because of the limitations and as reflected in the hearing transcript determined that section 402 of the Illinois Code of Civil Procedure did not apply in federal court and basically in any event, plaintiff did not correctly follow section 402 in federal court. We submit to this panel that that was an error to dismiss it on that basis and also to dismiss the claims against Cano. Ms. Torrijos did file. Excuse me, Counselor, do you believe that 2402 is procedural or substantive? Procedural rather. So in federal court, there is no section 402. The federal courts have their own Code of Civil Procedure, which litigants are required to file and follow. Excuse me, and in federal court, of course, there are there. There are federal mechanisms to add a defendant after a complaint is filed here to defend under 402. The defendant claims here that you did not comply with all of the requirements to convert a party who was in discovery to a defendant. How do you respond to that? My response to that is twofold. First of all, it was federal court, so the statute is not applicable in federal court and in any event, Ms. Torrijos appeared before the federal court on a motion to extend. And the federal court shortened what would have been section 402 in if it had been state court and granted Ms. Torrijos leave to add the add the defendants. So I would say that isn't a little incongruous to argue that you're in front of the federal court and you're asking for an extension pursuant to 402. And now you're in front of us saying, well, none of this would have applied in federal court. I mean, it's a little inconsistent. I think it's a respectfully, I think it's a case of substance over form. Lawyers sometimes incorrectly title documents or make procedural errors, but cases should be tried on the merits. And here, plaintiff's counsel appeared in federal court with a Illinois civil procedure motion. The federal court could have denied it as we see in Montclair-Bowl v. Jansen and given the plaintiff leave to come back with a federal motion. But in this case, the federal court did not do that and instead entered an order giving plaintiff leave to add an additional defendant. And that federal court order was not attacked. There was no motion to reconsider, motion to vacate or appeal of the federal court order. So to argue that the defendant was improperly added is inconsistent with the federal court order, which allowed it. There was no attack of that order. Well, the motion to extend did not have any, a proposed complaint was not attached to it, right? Correct. And it wasn't in any way styled, you know, a motion to convert Kano to a party status, a defendant, that wasn't anywhere in that motion either. Is that fair? It's, it was a motion to extend the time to convert Kano. Yes. But not a motion to convert. They're, they're distinct in 402. Would you concede that? I agree that there's a motion for an extension of time and then a motion to convert. Yes. The motion to convert was not done until the trial court. The state never really was a motion to convert ever filed. Right. A motion to convert, um, was, was not filed in state court. And the motion filed in federal court was a motion to extend the time to convert. But it was not until the state court. I'm sorry. I didn't quite catch that. I'm sorry. Wanted to add Kano, but it wasn't until the state court that you want that you added him, but didn't do it through, they're alleging the proper, proper channels. Kano was added as a defendant in federal court. And when the case was sent back to state court, there was no additional motion to add or convert because Kano pursuant to the federal court order in the amended complaint was a party defendant at that point. And had filed a motion to dismiss in federal court and filed a similar, I'll say motion to dismiss in state court pursuant to Illinois code of civil procedure. So your position is you didn't need to do anything additional once the case was returned to state court because of this federal court order that your position is that simply added Kano as a defendant. Our plaintiff's position is that it was unnecessary to file a section 402 motion in state court because of the federal court order, allowing plaintiff leave. And then plaintiff did in fact, file an amended complaint, including Kano as a party defendant. And you did that back in state court? Federal court. Okay. All right. Kano was added as a defendant in federal court. Kano filed a motion to dismiss pursuant to 12B6 in federal court. The court, federal court, I believe denied it without prejudice indicating it could be reasserted in state court. So when Mr. Rios came back to state court, the two defendants were international paper and Kano. And he never objected at the time in federal court being added as a defendant. Kano, no, your honor, no. There was no objection at the motion, which was a motion for the motion for extension of time and a motion related to discovery or a subpoena. And then there was no motion to reconsider the order, motion to vacate or appeal. If a case is pending in federal court, the federal court judge has to be able to enter orders with respect to the case. And if those orders are not appealed or attacked before the federal court, a state court judge can't undo those orders or criticize the federal court judge. Those are the orders and the case was sent back. So when the case was, sorry, I don't know if I see a question. When the case was sent back to state court, Kano was a party. It would have been kind of asking twice for a plaintiff to file another motion because Kano was a party when it went back to Kane County. So I'm confused because you need 402 in federal court to add Kano as a party to get around what otherwise would be barred by the statute of limitations. So in federal court, you use 402 to extend the limitations. And then you argue that everything else related to 402 doesn't apply because you're in federal court. It seems very inconsistent. Sure. I would respond with this. Section 402 does not apply in federal court, but there is- But the statute of limitations period is substantive and controls in federal court, the state statute of limitations period. So the only way you got around that was 402 in federal court. There are federal rules and procedure which allow similar mechanisms, rule 19 and rule 20 of the federal rules of civil procedure. And it's similar to the- But you didn't proceed under those rules in federal court. That's correct. It was not labeled that it was pursuant to the federal rules of civil procedure. But again, I think that's attacking a federal court order. The federal judge was not required to set forth her reasoning or explanation or whether or not she agreed or disagreed with the styling or formatting of the motion in federal- There was no objection by the defendant with respect to that, correct? Correct. So everyone appeared before the federal court judge, Kano, in international paper. There was no objection that's part of the record. There was no argument from Kano that it should be denied. The motion, or excuse me, plaintiff was given leave to file an amended complaint and it didn't say it was pursuant to section 402. That was what the motion was styled as an Illinois code of civil procedure motion. But there are plenty of times I would say where plaintiffs may be incorrectly label a cause of action or get to court and the judge for whatever reasons the judge has or wants allows the motion or the cause of action to go forward for whatever reason. If somebody wants to attack it, they file a motion to reconsider a motion to vacate or an appeal. They don't stand by, do nothing, and then attack a federal court order in state court. So when the case got back to state court, Kano was a party defendant pursuant to the federal order and the complaint filed in federal court. And like I said, it's similar to the Montclair Bull versus Janssen Pharmaceutical case from the northern district where a plaintiff in that case filed a section 402 motion and the court said, we don't have 402 here. You can consider the federal rules of civil procedure. You can come back with a different motion. There's nothing that says the federal court judge was required to make plaintiff come back to accomplish that. Instead, the federal court judge allowed plaintiff leave to file an amended complaint adding Kano. With respect to the statute of limitations and Kano, we would submit that it's an affirmative defense by proceeding in federal court, entering an agreed order in state court, indicating that the case would proceed in federal court, appearing at depositions, and then not filing anything to attack the order allowing Kano to be added in. But at that time, when they were participating in depositions, they were not a party. They were a respondent in discovery pursuant to 402. And that was the mechanism that the plaintiff was proceeding under. What would the objection have been? The section 402 requires respondents in this discovery to respond to discovery. They are not required to attend depositions. It is a choice to attend a deposition as a respondent in discovery. And if they didn't attend the deposition, you could go before the court and ask to compel that, right? And the judge may say yes or no. No, I don't think so. If a respondent in discovery doesn't want to go to a deposition, I think that's their decision. So the fact that they attend a deposition submits to the jurisdiction and the designation as a party? I think it does. If you appear at a deposition, ask questions and make objections as if you're a party, a respondent in discovery doesn't have the right to do that. They are required to answer discovery. They don't have the right to participate as a party. They're a respondent in discovery, a subpoena respondent. Let's set aside the whole federal court thing and just pretend like we're in state court and never left it. Can you point to a single case that stands for the proposition that if a respondent in discovery submits to a deposition, there doesn't have to be any kind of a probable clause hearing and that the conversion as a party is automatic, that they've waived any objection? No, I'm not aware of a case. Counsel, your time is up. If you want to just make a final statement, you will, of course, have time for rebuttal. Oh, sure. May I make a statement with respect to International Paper Company? You have just a minute. Oh, sure. For respect to International Paper Company, I would say there's a question of fact as to whether or not Ms. Torrios consented. At appendix page A50, there's a statement that says, you know, whether you're on a short or long-term assignment with our client, you are still a manpower employee. Lucy is required to consent to a borrowed employee relationship, and I would submit that showing up to do work is not enough to demonstrate consent. It doesn't demonstrate any knowledge on Ms. Torrios' part. There are plenty of occasions where people show up to do a job and nobody is going to say that they are a borrowed employee. That happens at law firms. That happens at people's homes. People show up and the mere act of showing up does not make somebody a borrowed employee. And then just with respect to the International Paper's employment application at page A70 of the appendix, there's an almost conditioned precedent which says, if we hire you, you'll be required to do these things. As I said, you will have an opportunity. Thank you. Counsel, are you ready to proceed? Yes, Your Honor. You may proceed when you're ready, then. Good morning, Your Honors, and may it please the Court. My name is Mohsen Pasha, and I represent International Paper Company. Ms. Torrios was International Paper's borrowed employee, so the exclusive remedy provision in the Workers' Compensation Act bars her lawsuit against International Paper. This case presents a straightforward application of this Court's 2019 decision in Holton. Like in Holton, International Paper had the right to control Ms. Torrios because it's undisputed that she worked on the same shift with International Paper employees, she had an International Paper supervisor, she used International Paper equipment, and many other factors that we noted in our briefing. And like in Holton, at a minimum, there was an implied contract because Ms. Torrios accepted and followed International Paper's directions and testified that it was her job to do so. On that implied contract issue, Ms. Torrios' argument comes down to one point. She's focusing on her subjective belief instead of her objective conduct. She's saying that because she was allegedly told manpower was her employer, she then believed manpower was her sole employer, so she couldn't have had an implied contract with International Paper. But that is not the proper analysis. Under Illinois law, the meeting of the minds for implied contracts is based on the party's objective conduct, not their subjective beliefs. And we can again look to Holton, where the plaintiff also believed that only the temporary staffing agency was the employer. That's in paragraph 11. And then when in the analysis section in paragraph 65, this Court applied Illinois precedent saying, quote, the plaintiff's personal definition of an employer has no bearing on whether the defendant was her employer, end quote. Instead, the Court ruled that there was an implied contract through the plaintiff's objective conduct because the employee accepted the borrowing employer's directions after being assigned there by a temporary staffing agency. That's the same situation here. Ms. Turrios's objective conduct alone shows that she acquiesced to an employment relationship with International Paper. And independent of that, being told that she was a manpower employee is entirely consistent with being International Paper's borrowed employee. Manpower was just her general loaning employer, and having a loaning employer is a predicate for having a borrowing employer. And this loaning borrowing employer distinction is also the reason why Ms. Turrios can't succeed on her argument that International Paper waived the exclusive remedy provision by contract. The contractual language she cites has no impact on International Paper's right to control borrow employees. Instead, they reflect the concept that manpower is the loaning employer and International Paper is the borrowing employer. And in our briefing, we cited multiple cases where courts ruled that similar contractual language didn't prevent a borrowing employer from invoking the exclusive remedy provision. And I would like to point out— Did you—I believe that the plaintiff is indicating that you contracted away the executive remedy provision and that the argument was forfeited, basically. What is your response to that? Well, two points, Your Honor. We are arguing that the plaintiff has forfeited her argument because she did not raise it before the trial court. But to the first portion of your question, whether we contracted away our right, my response to that is that we did not because the contract has no impact on International Paper's right to control temporary employees. And we cited multiple cases in our briefing where courts have ruled that similar contractual language has no impact. And I'd like to point out one additional case that we did not cite in our briefing. We cited our brief before—or we filed our brief before the Supreme Court amended Rule 23. There's a Rule 23 opinion from the First District, France v. Graphic Packaging. 2018 Illinois at First, 180347-U. Very similar case. I'm going to interrupt you because unless the case was decided after January of 2020, we cannot consider a Rule 23. Okay, Your Honor. My apologies. It's confusing. Thank you, Your Honor. At this stage, I'd like to address a few points that my opponent raised in their reply brief. And first, there was a reference to an answer that International Paper filed and basically saying that—the plaintiff was suggesting that we admitted that only Manpower was the employer. But that answer was in an abandoned pleading. After amendments, the answer to the operative complaint is different. That's at C-304. And then we also asserted the exclusive remedy provision as an affirmative defense. That's at C-334 to C-335. The second point that I'd like to raise is I disagree with my opponent's use of the consent in the medical malpractice, patient-physician, or attorney-client relationships. There's a distinction between that law and the law of implied contracts. And this case is about implied contracts, the formation of which focuses on whether objective conduct shows a meeting of the minds. And we have that objective conduct here. And then my final point is that if this really is a subjective analysis, and it's based on what Ms. Torrios was told, she needs to present evidence that she was in fact told that Manpower was her employer in International Paper. It was not. And she hasn't done that. She's presented the Manpower employee handbook, but she hasn't presented any evidence that she read it or saw it. So here, she applied at International Paper. She interviewed at International Paper. She was told that she got a job at International Paper. She conceded that in her deposition. Any reasonable person would believe that International Paper is their employer. And then her objective conduct shows that she acquiesced to an employment relationship with International Paper. Do you look at the contract between the plaintiff and Manpower or Manpower and the defendant here? We need to show that there is either an express or an implied contract between International Paper and Ms. Torrios. That's the second element of the test. And we have shown that based on her objective conduct and that she acquiesced to a relationship with International Paper. And ultimately, in the end, again, this case presents a straightforward application of the 2019 decision in Holton. Reversing on facts this clear would call into question Holton, Fowl, Chaney, and many other cases and would undermine one of the primary goals of the Workers' Compensation Act, having the employer assume liability without fault in exchange for being relieved of the prospect of large damage awards. Unless there are any further questions, we ask that the court affirm the grant of summary judgment in favor of International Paper.  Justice Shostak, any further questions? Your Honor, I believe you're muted. Justice Shostak, you are muted. You don't lip read? The Barraza case, how does that differ between this particular case? Yes, Your Honor. So in Barraza, the plaintiff went to a factory and applied for a job at a factory, but had no idea that there were any other entities involved at that factory. And in fact, there were two or three other entities. So in the school district and so that the school district case is O'Loughlin. Barraza is the factory case. Judge, I believe you're still muted in case you had a further question. You're right. I was looking at Barraza, not the O'Loughlin case. Yeah. So in Barraza, the plaintiff had no idea that there were any other entities involved. So I acknowledge that a party cannot impliedly contract with an entity that he or she does not know exists. So as a preliminary step, before we get to the borrowed employee analysis, there has to be some sort of objective evidence that the plaintiff knows that there are multiple entities involved in the situation. And here we have that evidence. She unquestionably knew that she was going from manpower to international paper. Thank you, Your Honors. Justice Brennan, any additional questions? I do not. Thank you. Counsel, thank you very much. Thank you. And then are you ready to proceed on behalf of Kano? Yes, Your Honors. Good morning. My name is Chris Kano, and I represent Kano Container Corporation. No relation and no interest other than representing them. So it would be a little bit odd representing them and referring to them as Kano, but here we go. That's all right. Yeah. It was when the case came in, Your Honors. We think this case is a very simple case that is framed by the statute of limitations. There's no dispute that the statute of limitations ran on February 8th, 2018. The complaint was filed February 2nd of 2018, and Kano was initially added as a respondent in discovery under section 402 in the state court proceeding and was never added as a until it was improperly added in the federal proceeding on October 2nd, 2018. My opponent conceded earlier that 402 does not apply in the federal court and that a motion to convert as required under the statute was never presented either to the federal court or the state court. No evidence of probable cause was ever presented either to the federal court or state court. Again, we think this is a clear application of the statute of limitations and the claims are barred. What point did your client object to being named a defendant? Good question, and you raised it earlier, and I think the answer to that is at the time that the motion to extend was filed in July, I think Kano was not a party to the federal proceeding as recognized by plaintiff. Plaintiff served a third party subpoena and our appearance at that point at that hearing was only in response to the discovery issues. And in fact, we did respond to the judge's questioning on what was going on with discovery and there was really no opportunity to object to being converted to a defendant at that point because the only other issue raised by that motion was an extension of time, which again is something that's found under Rule 402. So even at that point, plaintiff was still acting as they were proceeding under 402 and that the statute of limitations was extended because 402 allows an initial six-month extension of the time period and then plaintiff is granted another opportunity to seek another extension. Mr. Kano, if I may just interrupt, what's a plaintiff supposed to do? So the 402 motions filed in state court, you're not a party as everybody agrees and then it's removed because you're not a party on diversity jurisdiction in federal court and a 402 doesn't apply in federal court and maybe it doesn't. What's a plaintiff supposed to do if they want to add Kano as a party but they don't have enough facts yet for that purpose? Well, I think I mean the cases are clear that once you avail yourself of 402, you should move under 402 in state court if it's removed and as you indicated this isn't it. So your position is that for the 402 pleading that that could have continued in state court notwithstanding removal of the case to federal court? No, it's not our position that it could have continued. However, in this case, strangely enough, and this is before we appeared, there were proceedings after the April 11th removal to federal court as plaintiff moved to default Kano and then we had to go into the state court and vacate that order. Unfortunately, and again this isn't a situation where Kano as the respondent in discovery is manipulating the system and removing the case so that plaintiff is not afforded whatever opportunity under 402. International Paper Company is the company or defendant that removed the case to federal court and of course, you know, this isn't a case of forum shopping because I'm sure International Paper Company would welcome the addition of additional defendants to the case. Unfortunately, plaintiff did not move in federal court. They were acting as if 402 still applied in the federal court and never bothered to file a motion to convert or present any sort of evidence of probable cause and going back to Justice Shasta's question about when exactly we objected. Well, we timely objected once that pleading was filed in October 2nd of 2018. We filed a 12B6 motion to dismiss the federal court took it took it up in April of 2019 and denied it because it was remanding the case back to state court but acknowledged that the denial was without prejudice to bring the dismissal back in state court and acknowledge that there were potential issues regarding the statute of limitations. So and this kind of ties into what my opponent was suggesting that this is a collateral attack on the federal court's order in remanding the case. I think the court recognized that these are state law questions and preserve these issues relating to the statute of limitations and I think it was Justice Brennan who earlier said the only way you get around the statute of limitations here is 402 plaintiff is the one that chose to go down this path and once they got into federal court as counsel acknowledged it doesn't apply and we don't really have to do anything and we just move to extend and and there's really no basis whatsoever in that motion and there's certainly no pleading relating to the federal rules of joinder and we appropriately objected to the pleading as filed in October by filing the motion to dismiss and of course refiling it in in the state court which was ultimately heard and and granted and got us before your honors. So I think it's Mr. Kaino in light of the fact that you never objected to the motions for extension of discovery is that a waiver to uh conversion in this case as pointed out by Ms. Hayes? No it's not a waiver at all I mean again the only issue uh presented at that point was the extension the request for an extension of time to add uh Kaino and Manpower uh because they were proceeding under 402 402 still required them to file a motion to convert present evidence of probable cause had they done that and filed a pleading I suspect that we would have likewise objected to that. The other issue that was presented by the motion to extend was a motion to compel which we addressed with the court and in fact we had already produced the documents that were requested by the subpoena at that point. So unless there's any additional questions I would just close by Kaino requests that this court affirm the dismissal of all claims against Kaino Container Corporation. Justice Shostak any additional questions? Yeah yeah I have one further question um Ms. Hayes brings up relation back does that have any relevancy here? None at all they're they're simply this isn't a situation where they're trying to add a cause of action or a claim or or a defense they're trying to add Kaino as as a party defendant there was no mistaken identity because Kaino was a responded in discovery at the filing of the initial complaint there was there's just simply no bearing in this case regarding relation back and and that's just simply a last-ditch attempt to try to save the untimely claims. Justice Brennan any final questions? I do not thank you. Counsel thank you. Ms. Hayes do you wish to reply? Thank you um just briefly with respect to Kaino we would rely on our briefing I have nothing further um unless there are additional questions and just with respect to International Paper Company I think our position here is in line with Holton um the issue I think in Holton was with respect to the first element of the test Holton did acknowledge that the loaned employee concept depends on a contractual hire between the employee and the special employer and then there was additional language not the details of a contract between two employers but um Lucy is is is not a a business person she's not a sophisticated party she's a person who was told in a in a in a handbook that manpower would remain her employee even or excuse me employer even if even when she's on assignment with a manpower client um and then there's the international paper employment application that says if we hire you these things need to happen first and those things did not happen or they're not part of the motion for summary judgment so plaintiff would um submit that there's a question of fact as to whether or not Ms. Tarijos um consented to the actual borrowed employee relationship between herself and international. Is there anything in the record that averts or suggests that Ms. Tarijos actually read the handbook or that portion of the handbook? I'm not sure if there's anything in the record that she read it um but it was it's certainly part of the handbook and a handbook is a contract and we're that we're assumed to have read and agreed to things that are in a contract saying you didn't read it is is not generally a successful defense and international paper had um the burden of establishing that she was a borrowed employee but you seem to be using the handbook as a way to get around um implied consent so it would seem to me that to do that there'd have to be something in the record that would suggest she actually had read that and that assumes of course her subjective um well I'll leave it at that I just just want to confirm there's nothing that was fled uh or in the record that says that she actually read that portion of the handbook is that correct? Not not that I can recall your honor. All right thank you. She did have to sign for it um and she acknowledged and stated at her um at her deposition that she understood that manpower was her employer and only manpower could terminate her um so I think I think that's all consistent so we would but she also said that she understood that uh IPC could return her to manpower she knew that as well. I don't think that establishes a borrowed employee relationship though I think that could be an independent contractor or some other situation. It's not what lawyers understand or know um a situation to be it's did Lucy consent and Ms. Torrio's consent to this um to be a borrowed employee um and I don't think it wasn't established in the motion for summary judgment there's a question of fact as to whether or not she consented. Thank you. Thank you. So we would ask for reversal um and I have nothing else. Justice Shostak any additional questions? No further questions thank you. Justice Brennan? No thank you. All right then we will um thank all counsel for their arguments this morning you'll receive a written disposition in due course and we are adjourned for the morning. Thank you. Thank you your honor. Thank you everybody. Thank you. Thank you.